STATE BOARD OF TAX APPEALS.

## CITY OF NEWARK, PETITIONER, v. HAHNE & CO., RESPONDENT.

Decided December 30, 1941.

For the petitioner, *Raymond Schroeder* (by *Vincent J. Casale*).

For the respondent, *Lum, Tamblyn & Fairlie* (by *Ernest Lum*).

QUINN, President.   The City of Newark assessed the personal property of the respondent company for taxation for the year 1939, at $900,000.   This was reduced to $814,200 by the Essex County Board of Taxation, and the city appeals to restore the assessment as made.   Both sides adduced testimony purportedly probative of the true value of the accounts receivable, stock in trade, and furniture and fixtures of the department store business conducted by respondent, as of October 1st, 1938.

Respondent's personal property tax return, filed with the city's assessors for the year 1939, shows accounts receivable of a true value of $655,296.35 and a total of inventory and

furniture and fixtures of $814,167. The claim made, however, is that the intangible property item is fully offset by deductible debts, leaving the tangibles as the sole basis for a personalty assessment. The matter of deductible debts thus becomes determinative of the question as to the correctness of the action of the county board. The applicable statute is *R. S.* 54:4-14. The city contends that respondent has not complied with its requirements and therefore is not entitled to any deduction for debts. The section allows deductions for debts owing to creditors residing in this state, but only if the debtor makes claim therefor in writing, stating, among other things, when the debt was incurred. The sworn claim filed by respondent sets up two debts owing to a Newark bank, in the amounts of $500,000 and $150,000. The first is described as having been created, "prior to October 1st, 1933," and the other, "about October 31st, 1935."

The statutory requirements set out in section 54:4-15 must be strictly complied with, and substantial compliance is insufficient. *Household Finance Corp.* v. *State Board of Tax Appeals (Supreme Court,* 1941), 126 *N. J. L.* 399; *Household Finance Corp.* v. *State Board of Tax Appeals (Supreme Court,* 1937), 119 *Id.* 230. Neither of the designations made by respondent states precisely when the obligation referred to was incurred. "Prior to October 1st, 1933," could mean a week, a month, or a year prior to that date. "About October 31st, 1935," is similarly vague and indefinite. Neither of the debts may be deducted, because of non-compliance with the statute. It results that the assessment must be restored to the original figures fixed by the city assessors.

Judgment accordingly.